UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KALIK. McMILLAN,

                            Petitioner,
    v.                                                  9:25-CV-1125 (MAD)

M. KOPP, Superintendent,

                            Respondent.
_____

APPEARANCES:                                     OF COUNSEL:

KALIK McMILLAN
Petitioner, pro se
19-B-1191
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

MAE A. D'AGNOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

    Petitioner Kalik McMillan seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Letter.[1] Petitioner also filed an incomplete application to proceed in forma pauperis. Dkt. No. 2, IFP Application.

    On August 25, 2025, the case was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 3, Administrative Order. Petitioner was given thirty (30) days to either (1) pay the statutory filing fee or (2) submit a properly certified application to proceed in forma pauperis ("IFP"). *Id.* at 2.[2]

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The statutory filing fee for a federal habeas corpus action is $5.00. 28 U.S.C. § 1914(a).

1

On September 5, 2025, petitioner submitted a properly certified IFP application, and the case was restored to the Court's active docket. Dkt. No. 4, 2d IFP Application; Dkt. No. 5, Text Order (reopening case). Within his pleading, petitioner also moved for a stay. Dkt. No. 1-1 at 1. Specifically petitioner "request[s] that the Court hold [his] petition in ab[e]yence, so that [he] can fully exhaust [his] illegal search [and] seizure claim[.]" *Id.*

For the reasons which follow, petitioner is instructed to file an affirmation explaining why his action should not be dismissed as time-barred.

## II.     PETITION

Petitioner challenges a 2019 judgment of conviction rendered in Onondaga County, upon a guilty plea, for first degree manslaughter and second degree criminal possession of a weapon. Pet. at 1; *see also People v. McMillan*, 227 A.D.3d 1413, 1413 (4th Dep't 2024). Petitioner directly appealed his conviction, arguing that he was entitled to relief because the County Court erred in denying his severance motion. *McMillan*, 227 A.D.3d at 1413. The New York State Appellate Division, Fourth Department unanimously affirmed the conviction on May 3, 2024. *Id.*; *accord* Pet. at 2. Petitioner did not seek further review by a higher state court or file a petition for certiorari in the United States Supreme Court. Pet. at 2. Petitioner also did not collaterally challenge his conviction. Pet. at 2, 4-5.

Petitioner contends that he is entitled to federal habeas relief because his Fourth Amendment rights were violated when law enforcement stopped petitioner, who was not engaging in any criminal activities, and subjected him to an illegal search and seizure. Pet. at 4. Petitioner has yet to collaterally challenge his conviction, but claims that he intends on filing a writ of error coram nobis soon to argue that he is entitled to relief because his

"appellate counsel[] fail[ed] to raise this highly merito[rious] claim." *Id.* For a more complete statement of petitioner's claims, reference is made to the petition.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012). Specifically, that is when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *See Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).[3]

Here, petitioner's conviction was affirmed by the Fourth Department on May 3, 2024. *McMillan*, 277 A.D.3d at 1413. "Petitioner had thirty days from that point to seek leave to appeal to the New York Court of Appeals," and when petitioner did not do so, "his conviction became final thirty days later, [on June 3, 2024,] when he could no longer seek leave to appeal." *Trimm v. Kirkpatrick*, No. 9:18-CV-0287 (MAD/TWD), 2018 WL 1322162, at *2 (N.D.N.Y. Mar. 14, 2018) (citing cases and New York state law explaining when a conviction becomes final assuming petitioner fails to continue his direct appeal after the Appellate

---

[3] Other dates from which the limitations period may start running are: (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; (2) the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable; or (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D). However, none of these alternate accrual dates apply to the instant action.

Division affirms his state court conviction).[4]  Petitioner had one year from that date, or until June 3, 2025, to timely file his federal habeas petition.  The present petition, placed in the prison mailing system on August 1, 2025, was filed approximately two months too late.[5]

However, the one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548.  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken.  *Saunders*, 587 F.3d at 548; *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).  The tolling provision "does not reset the date from which the one-year statute of limitations begins to run."  *Smith*, 208 F.2d at 17.

Here, statutory tolling appears to do little to help the petitioner.  While petitioner expresses his future intentions to file a collateral challenge to his state court conviction, he has yet to do so.  Further, even if petitioner commenced his coram nobis action in the interim, any such filing cannot serve to "revive [an] expired statute of limitations."  *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").  Accordingly, the action continues to appear untimely unless a different type of tolling applies.

---

[4]  Thirty ("30") days from May 3, 2024, was Sunday June 2, 2024.  *See* N.Y. Gen. Constr. Law § 25-a; *see also* Fed. R. Civ. P. 6(a)(1)(C).
[5]  Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).

The AEDPA's one-year statute of limitations period "is [also] subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).  Additionally, courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition.  *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); see *Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, nothing before the Court indicates that petitioner is attempting to invoke any sort of equitable tolling or equitable exception.  Thus, it does not appear that any equitable considerations would save the petition from being time-barred.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition.  The affirmation shall not exceed fifteen (15) pages in length.  If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**IV.   CONCLUSION**

WHEREFORE, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. **If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.** No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 16, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge